IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:18-CR-502-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **SENTENCING** |
| WILLIAM TREVOR SOLOFF, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for further argument and ruling on the government's oral motion for the detention of defendant pending sentencing made on 24 January 2019 at the conclusion of defendant's plea hearing, pursuant to Fed. R. Crim. P. 11. *See* D.E. 10. At that hearing, defendant pled guilty pursuant to a plea agreement to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), charged in a criminal information. This offense, found in chapter 110 of title 18, is a crime of violence, as defined in 18 U.S.C. § 3156(a)(4)(C), and therefore an offense described in 18 U.S.C. § 3142(f)(1)(A).

The provisions of 18 U.S.C. § 3143(a)(2) accordingly apply to the issue of defendant's detention pending sentencing. They read as follows:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Whether or not defendant satisfies the requirements for release in subsection (B) of § 3143(a)(2), it is undisputed that he does not satisfy the requirements in subsection (A).

Defendant is therefore subject to detention pending sentencing under § 3143(a)(2) unless he satisfies the release conditions of another statute, 18 U.S.C. § 3145(c). It reads:

> A person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

The court heard argument on the issue of defendant's releasability under § 3145(c) on the date of his Rule 11 hearing (*see* D.E. 10), the following day (*see* D.E. 13), and at today's proceeding. The court also received supplemental submissions by the parties on the issue. *See* D.E. 15, 16.

After careful consideration of the oral arguments and written materials presented, as well as other relevant portions of the record and additional authorities, the court ruled in open court today that defendant did not qualify for release under § 3145(c) because for the reasons stated it was not clearly shown, as required, that there are exceptional reasons why his detention would not be appropriate. Having made this determination, the court did not reach the question whether or not defendant met the other requirement for release under § 3145(c), namely, satisfaction of the conditions of release under 18 U.S.C. § 3143(a)(1) (requiring "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)").

Therefore, as announced in open court, the government's motion for detention is ALLOWED and defendant shall be DETAINED pending sentencing.

SO ORDERED, this 29th day of January 2019.

_____
James E. Gates
United States Magistrate Judge