PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4528

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

WILLIAM TREVOR SOLOFF,

    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-cr-00502-D-1)

Argued: January 25, 2021                                    Decided: April 7, 2021

Before GREGORY, Chief Judge, and MOTZ and HARRIS, Circuit Judges.

Dismissed by published opinion. Judge Motz wrote the opinion, in which Chief Judge Gregory and Judge Harris joined.

**ARGUED:** Joshua Brian Howard, GAMMON HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant. Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

DIANA GRIBBON MOTZ, Circuit Judge:

William Trevor Soloff pled guilty to receipt of child pornography and the district court sentenced him to 151 months of imprisonment. Soloff now appeals, seeking to challenge that sentence. The Government, noting that the parties entered into a plea agreement containing an appellate waiver, maintains that the appeal must be dismissed. Soloff argues that because the district court never explicitly accepted the plea agreement, the appellate waiver does not bind him. Although it is best practice for a court to explicitly accept a plea agreement, when, as here, all indicia establish that the court constructively accepted the agreement, the failure to do so does not deprive the agreement of binding force. Accordingly, we dismiss Soloff's appeal.

I.

In 2017, federal and state investigators discovered that Soloff possessed a voluminous and graphic collection of child pornography. The investigation revealed that Soloff had been collecting pornographic images and videos of children for nearly twenty years, and that his chatroom activity and other online communications included uploading and disseminating some of these images. On the basis of this conduct, Soloff agreed to plead guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2).

Soloff entered into a plea agreement containing a waiver pursuant to which he forfeited "all rights . . . to appeal the conviction and whatever sentence is imposed on any ground . . . reserving only the right to appeal from a sentence in excess of the applicable

2

advisory Guideline range" or a sentence obtained through prosecutorial misconduct or ineffective assistance of counsel.

Soloff agreed to enter his plea before a magistrate judge. The magistrate conducted the hearing in accordance with Federal Rule of Criminal Procedure 11, advising Soloff of his trial rights and ensuring that Soloff understood the charges against him and the potential penalties he faced. The magistrate judge then confirmed that Soloff had signed the agreement, had discussed it with his lawyer, and that he "underst[ood] each term in the plea agreement." The magistrate specifically confirmed that Soloff understood that "there is an appeal waiver provision in [the] plea agreement," going so far as to read the entirety of the waiver into the record. At the end of the proceeding, the magistrate judge conditionally approved the plea agreement, noting that "[f]inal approval" would "come at sentencing." Several months before the sentencing hearing, the district court also conditionally approved the plea agreement "pending receipt of the PSR."

At Soloff's sentencing hearing, the district court accepted the presentence report after confirming that neither Soloff nor the Government had any objections. The court noted that Soloff's Guidelines range was 151 to 188 months. Soloff's attorney argued for a downward variance. He presented information concerning Soloff's impressive efforts at rehabilitation, his lack of criminal history, and his educational and military background. Soloff also alleged problems with one of the Guidelines enhancements that applied to his case. The Government, on the other hand, argued for a sentence of 188 months, at the top of the Guidelines range.

3

The court considered these arguments and sentenced Soloff to 151 months of imprisonment — at the bottom of his Guidelines range. The court expressly noted the existence of the plea agreement. Additionally, the court addressed the appeal waiver, telling Soloff: "I believe that you've waived your right to appeal your sentence." After the sentencing, the district court issued an Order for Restitution, which it noted was "in accordance with the terms and conditions of Defendant's plea agreement."

Soloff filed this appeal, seeking to challenge his sentence. He maintains that his sentence is unreasonable, asserting that the district court failed to adequately address his nonfrivolous arguments for a downward variance and that there exist legal infirmities in the computer-use Guidelines enhancement that applied to his case. The Government moved to dismiss, arguing that the plea agreement's appellate waiver bars the appeal. In response, Soloff claims that the waiver cannot bind him because the district court never explicitly accepted the plea agreement. We deferred action on the motion to dismiss to consider it with the merits issues. We now grant that motion.

II.

We have consistently held that appellate waivers in valid plea agreements are enforceable. *See, e.g.*, *United States v. McLaughlin*, 813 F.3d 202, 204–05 (4th Cir. 2016). "Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020). The parties do not dispute that all of Soloff's arguments lie

4

well within the scope of the waiver, which forecloses an appeal "on any ground, including any issues that relate to the establishment of the advisory Guideline range." Moreover, Soloff does not rely on any of the waiver's exceptions — ineffective assistance of counsel, prosecutorial misconduct, or sentences in excess of the Guidelines range. The only question, then, is whether the waiver is valid and binding.

We review the validity of an appellate waiver *de novo*. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if "the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). The record here plainly establishes that Soloff's acceptance of the waiver was knowing and intelligent, as counsel for Soloff conceded at oral argument. Oral Arg. at 2:21–2:28. But Soloff argues that because the district court never explicitly accepted the agreement, neither the agreement nor the appellate waiver binds him. Soloff is correct, of course, that the provisions of a plea agreement are not binding until the court accepts the agreement. His argument assumes, however, that an agreement is not accepted by a court unless a court *explicitly* accepts it.

We have not previously addressed the question of whether a district court's failure to expressly accept an agreement renders an appellate waiver contained in that agreement unenforceable, but every circuit to have considered this issue has rejected the argument that Soloff raises here. The Fifth, Seventh, and Tenth Circuits have all recognized that a district court "constructively" accepts a plea agreement where the record clearly demonstrates that the court acknowledged the existence of the agreement and operated within its terms. *United States v. Leyva-Matos*, 618 F.3d 1213, 1216 n.1 (10th Cir. 2010);

5

*United States v. Brown*, 571 F.3d 690, 694 (7th Cir. 2009); *United States v. Morales-Sosa*, 191 F.3d 586, 587–88 (5th Cir. 1999).*

We agree. A district "court's failure to explicitly state that it was accepting the plea agreement" will "not overcome the court's other acts that uniformly point to acceptance." *Brown*, 571 F.3d at 694. Federal Rule of Criminal Procedure 11 sets forth the procedures for a court's consideration of a plea agreement. In a case involving other provisions of Rule 11, we have explained that "a district court's failure to strictly abide by Rule 11 will not alone render an appellate waiver unenforceable." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Consistent with Rule 11's harmless error provision, "[f]orm should not prevail over substance" in evaluating the enforceability of appellate waiver provisions. *McLaughlin*, 813 F.3d at 204; Fed. R. Crim. P. 11(h). We have no doubt that it is best for district courts to be explicit when accepting or rejecting plea agreements. But, when a district court fails to comport with best practice, the lack of *express* acceptance does not necessarily mean that the court did not accept the agreement. Where the record furnishes sufficient evidence to conclude that a district court constructively accepted the plea agreement, the court's failure to explicitly accept the agreement will not undo the parties' bargain.

---

* The Sixth Circuit has gone even further, holding generally that "the district court's failure to indicate the status of the plea agreement . . . at the time the court accepts the guilty pleas operates as an acceptance of the agreement." *United States v. Skidmore*, 998 F.2d 372, 375 (6th Cir. 1993). We need not, and do not, go so far here, where the record unambiguously demonstrates the district court's constructive acceptance.

6

Here, it is clear that the district court could not have intended any result other than acceptance of the agreement. The record uniformly supports this conclusion.

First, the district court explicitly referred to the agreement at Soloff's sentencing hearing. The court highlighted the appellate waiver at issue here. And the court operated within the terms of the agreement by imposing a sentence at the bottom of the range specified in the agreement.

Additionally, the restitution order also strongly suggests constructive acceptance. A court cannot order restitution "to a person other than the victim of the offense of conviction" without an explicit agreement. *United States v. Davis*, 714 F.3d 809, 815 (4th Cir. 2013). Here, the district court ordered restitution to victims other than the one identified in the information. If the district court had not intended to accept the plea agreement, the restitution order would thus have been impermissible. Indeed, in crafting the restitution order, the court stated that it was "in accordance with" the plea agreement.

In the face of this very clear evidence uniformly suggesting constructive acceptance, to remand this case for clarification or resentencing "would place 'ritual' over 'reality.'" *Brown*, 571 F.3d at 694.

To be sure, the approach followed in this case does not constitute best practice. Soloff correctly notes that the *Benchbook for U.S. District Court Judges* 60 n.2 (6th Ed. 2013) recommends that when a magistrate judge conducts a plea hearing, "[i]t is . . . advisable for the district court, at the start of the sentencing hearing, to state on the record that it, too, accepts the defendant's plea of guilty." Further, Rule 11 clearly envisions that the district court will make its disposition of a plea agreement explicit and on the record.

7

*See Brown*, 571 F.3d at 695. Thus, a district court should expressly indicate the status of the plea agreement at sentencing. Doing so eliminates any future uncertainty. Although the evidence here clearly establishes that the district court did constructively accept the agreement, a murkier record could easily yield a different result. Our opinion should not be read to undermine the importance of the proper procedures, or as an endorsement of less formal alternatives.

## III.

For the reasons set forth above, we hold that the district court constructively accepted the plea agreement (including the appellate waiver), and that it binds the parties. Since the waiver is enforceable and this case falls within its scope, we do not reach the merits of Soloff's challenge. The appeal is

*DISMISSED.*